**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>NUTRITION 21, INC., *et al.*,[1]<br><br>                Debtors | Chapter 11<br><br>Case No. 11-23712 (RDD)<br>Jointly Administered |

## ORDER (A) ESTABLISHING BIDDING PROCEDURES RELATING TO SALE OF ALL OR SUBSTANTIALLY ALL NUTRITION 21, INC. AND NUTRITION 21, LLC'S ASSETS, (B) AUTHORIZING AND SCHEDULING DATE AND TIME TO HOLD AUCTION, (C) SCHEDULING DATE AND TIME FOR HEARING ON SALE MOTION, (D) APPROVING CURE AMOUNT PROCEDURES, AND (E) SETTING OBJECTION DEADLINES

Upon the motion, dated August 31, 2011 (the "***Motion***")[2] of Nutrition 21, Inc.

("***Nutrition 21***") and certain of its affiliates, as debtors and debtors in possession (collectively,

the "***Debtors***"), for entry of an order (this "***Order***") (a) establishing the proposed bidding

procedures for the potential sale of all or substantially all of the assets (the "***Sale***") of Nutrition

21 and Nutrition 21, LLC (together "***N21***"); (b) authorizing and scheduling a date and time to

hold an auction (the "***Auction***") to implement the Sale; (c) scheduling a date and time for

hearing to consider the Sale Order (as defined below); (d) approving cure amount procedures;

and (e) setting objection deadlines, as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§ 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2) in which the Court may enter a final order; and it appearing that venue of this case is

proper pursuant to 28 U.S.C. § 1408; and notice of the Motion appearing adequate and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Nutrition 21, Inc. (3613), Nutrition 21, LLC (4596), Iceland Health, LLC (2140) and, Heart's Content, Inc. (5396).  The location of Debtors' corporate headquarters is 4 Manhattanville Road, Purchase, New York, 10577.

[2]  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

682964v.3 3031/00004

appropriate under the circumstances, and the Court having found that no other or further notice need be provided except as set forth in this Order; and there being no objections to the relief granted herein; and upon the record of the September 20, 2011 hearing, it appearing that the relief granted herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Bidding Procedures set forth in Exhibit A attached hereto are incorporated by reference in their entirety as if fully set forth herein, are approved in their entirety, and shall be effective and binding on all parties as if such Bidding Procedures were set forth in this Order.

3. In the event the Debtors determine, in their reasonable business judgment, that entry into an agreement with a stalking horse bidder prior to the Auction will maximize the value of the Debtors' assets and encourage competitive bidding for the assets, the Debtors are authorized to grant such bidder a break-up fee and expense reimbursement in an amount not to exceed 3.0% of the of the cash purchase price of the Purchased Assets and reimbursement for direct out of pocket expenses of up to $100,000, which is reasonable and customary for transactions of this nature both in and outside of chapter 11 and will benefit the Debtors and their creditors in that the such bidder will have been induced thereby to establish a suitable floor for other parties to bid against.

4. The Debtors are authorized to conduct the Auction in accordance with the provisions of the Bidding Procedures.

5. The form Sale Agreement is hereby approved.

6.      The Debtors will seek approval of the remaining relief requested in the Motion at the Sale Order Hearing, which shall be held on November 3, 2011 at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel may be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601; provided, that such Sale Order Hearing may be adjourned or rescheduled by N21, from time to time, without notice to creditors or parties in interest other than by announcement of the adjourned date at the Sale Order Hearing or on the Court's calendar on the date scheduled for the Sale Order Hearing.

7.      The Procedures and Sale Notice in the form attached hereto as <u>Exhibit B</u> is approved and the Debtors are authorized and directed to (a) serve (i) the Procedures and Sale Notice, (ii) a copy of the Motion and (iii) and a copy of this Order, within three (3) days of entry of this Order, via first-class U.S. Mail upon the Notice Parties, and (b) provide electronic notification of the Auction, the Bidding Procedures and the Sale Order Hearing by filing a copy of the Procedures and Sale Notice with the Bankruptcy Court.

8.      The deadline for submitting bids shall be October 28, 2011 at 4:00 p.m. (prevailing Eastern Time) (the **"*Bid Deadline*"**), and if the Debtors receive one or more Qualified Bids (other than the bid submitted by the Proposed Purchaser, if any) by the Bid Deadline, the Debtors shall conduct the Auction in accordance with the Bidding Procedures on November 1, 2011, commencing at 10:00 a.m. (prevailing Eastern Time) at the offices of Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York, 10281, or such later date and time and at such alternative location as the Debtors may determine or this Court may direct.

682964v.3 3031/00004

9.      Responses or objections, if any, to the proposed Sale must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court and served upon the following parties (collectively, the **"*Objection Notice Parties*"**): (a) the Debtors, 4 Manhattanville Road, Purchase, New York, 10577, Attn.: Benjamin T. Sporn; (b) Proposed Counsel to the Debtors, Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York, 10281, Attn.: Michael Friedman, Attn.; and (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn.: Susan Golden, so as actually to be received no later than 4:00 p.m. (prevailing Eastern Time), with a copy to chambers, on October 28, 2011 (the "***Sale Objection Deadline***").  The failure of any party in interest to file and serve its objection or response to the Sale by the Sale Objection Deadline in accordance with the provisions of this paragraph shall be a bar to the assertion, at the Sale Order Hearing or thereafter, of any objection to the Sale or N21's consummation and performance of the transaction(s) contemplated thereby.

10.     The Debtors shall file and serve by first-class mail, within three (3) days of entry of this Order, and otherwise in accordance with the applicable Bankruptcy Rules, the Cure Amount Notice substantially in the form attached hereto as <u>Exhibit C</u> to all the non-Debtor parties to the Assumed Agreements (as the term is defined the in Sale Agreement) that (a) identifies for each potential Assumed Agreement the title and the date thereof and the parties to such Assumed Agreement, and (b) sets forth the dollar amount (the **"*Proposed Cure Amount*"**), if any, that the Debtors contend is necessary to be paid in order to cure all defaults, if any, under such Assumed Agreements for purposes of Section 365 of the Bankruptcy Code.  The

Debtors may, however, (i) withdraw any request to assume and assign any potential Assumed Agreement and (ii) add additional contracts to the extent omitted in the Cure Amount Notice, upon proper notice to and an opportunity to object by such counter-party thereto.

11.     Responses or objections (other than an Adequate Assurance Objection), if any, to the Proposed Cure Amounts set forth in the Cure Amount Notice or the Debtors' ability to assume and assign the potential Assumed Agreement to the Successful Bidder must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Court, set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, and be served upon the Objection Notice Parties, with a copy to chambers, no later than 4:00 p.m. (prevailing Eastern Time) on October 28, 2011 (the ***"Cure Objection Deadline"***).  Adequate Assurance Objections, if any, shall be made as set forth in the Cure Amount Notice. The failure of any party in interest to file its objection or response (other than an Adequate Assurance Objection) to the Cure Amount Notice or the Debtors' ability to assume and assign the potential Assumed Agreement to the Successful Bidder by the Cure Objection Deadline or to raise an Adequate Assurance Objection as provided in the Cure Amount Notice shall be a bar to the assertion, at the Sale Order Hearing or thereafter, of any objection to the Cure Amount Notice, the Motion, the Sale, or N21's consummation and performance of the transactions contemplated thereby, including to the assumption and assignment of the Assumed Contract to the Successful Bidder.

12.     Promptly following the Auction, the Debtors shall file with the Court and serve on all the non-Debtor parties to the Assumed Agreements, via facsimile, electronic mail or overnight mail, a notice identifying the Successful Bidder and informing them of the deadline and procedure for objecting to the assignment of the applicable Assumed Agreement to the Successful Bidder on adequate assurance grounds (an ***"Adequate Assurance Objection"***) and

6

informing them that the failure to comply with such deadline and procedure shall be a bar to the assertion of such Adequate Assurance Objection.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: White Plains, New York
      September 22, 2011

                                        /s/ Robert D. Drain
                                        United States Bankruptcy Judge

682964v.3 3031/00004

## Exhibit A

[Bidding Procedures]

# BIDDING PROCEDURES

Set forth below are the bidding procedures (the **"Bidding Procedures"**) to be employed with respect to the sale by Nutrition 21, Inc. and Nutrition 21, LLC. (**"N21"** or the **"Debtors"**) of all or substantially all of the assets of N21 (the **"Assets"**) identified in the Sale Agreement (as defined below), together with the transfer to the Buyer (collectively, the **"Sale"**) of the rights and interests under certain related executory contracts and unexpired leases to which N21 is a party (the **"Assumed Agreements"** and, together with the Assets, the **"Purchased Assets"**). The Sale is subject to competitive bidding as set forth herein and to approval by the Bankruptcy Court pursuant to, among other things, sections 363 and 365 of the Bankruptcy Code at a hearing scheduled for as soon after the Auction (as defined below) as the Bankruptcy Court's calendar will permit (the **"Sale Hearing"**).

## Sale Hearing

At the Sale Hearing, the Debtors will seek entry of an order, among other things, authorizing and approving the Sale to the Successful Bidder (as defined below) as the Debtors, in the exercise of its sole business judgment in consultation with Counsel for the Series J Preferred Holders (the "**Series J Counsel**") and, if appointed, the Official Committee of Unsecured Creditors appointed by the United States Trustee (the **"Committee"**), may determine to have made the highest or otherwise best offer to purchase the Purchased Assets (the **"Successful Bid"**), consistent with the Bidding Procedures (the **"Successful Bidder"**). The Sale Hearing may be adjourned or rescheduled without notice, other than by an announcement of such adjournment at the Sale Hearing.

## Bidding Process

The Debtors shall (i) determine whether any person is a Qualified Bidder, in consultation with its advisors, (ii) coordinate the efforts of Qualified Bidders in conducting their respective due diligence investigations regarding the Purchased Assets and the Assumed Liabilities, (iii) receive bids from Qualified Bidders, and (iv) negotiate any bid made to purchase the Purchased Assets (collectively, the **"Bidding Process"**). Any person who wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Debtors nor its representatives shall be obligated to furnish any information of any kind whatsoever relating to the Purchased Assets or the Assumed Liabilities to any person who is not a Potential Bidder. The Debtors shall have the right to adopt such other rules for the Bidding Process which will better promote the goals of the Bidding Process and which are not materially inconsistent with any Bankruptcy Court order.

The Debtors agree to consult with counsel to the Series J Shareholders in connection with the Bidding Process, including without limitation determination of Pre-Qualified Bidders and Qualified Bidders and the selection of any Stalking Horse, the Success Bidder and Next Highest Bidder.

## Participation Requirements

Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the Bidding Process, each interested person (a **"Potential Bidder"**) must deliver an executed

confidentiality agreement in form and substance satisfactory to the Debtors to the Debtors' retained investment banker, BDO Capital Advisors, LLC ("***BDO Capital***") at 100 Park Avenue, 10th Floor, New York, New York, 10017, Attn: Jeffrey R. Manning, no later than 4:00 p.m. (prevailing Eastern Time) on October 24, 2011. Interested persons may contact BDO Capital to obtain a confidentiality agreement acceptable to the Debtors.

In order for a Potential Bidder to become a "***Pre-Qualified Bidder***" it must present evidence (i) satisfactory to the Debtors and its advisors that it has sufficient financial capabilities to consummate the Sale and (ii) sufficient for the Debtors to determine that the Potential Bidder is reasonably likely (based on availability of financing, experience and other considerations) to be able to consummate the Sale, if selected as the Successful Bidder within a time frame acceptable to the Debtors.

No later than two (2) business days after BDO Capital receives from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, and shall notify each Potential Bidder, whether the Potential Bidder is a Qualified Bidder.

Each Potential Bidder (whether a Qualified Bidder, Pre-Qualified Bidder or not), Pre-Qualified Bidder and Qualified Bidder and, in each case, its affiliates or joint ventures, shall be deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters relating to their bids, the Auction and the Sale.

## Due Diligence Access

The Bidding Procedures permit all Qualified Bidders an opportunity to participate in the diligence process. Among other things, Qualified Bidders shall be permitted to receive non-public information, including, but not limited to, material agreements of Debtors that may be shared by the Debtors consistent with the terms of the agreements and material agreements that the Debtors has received any necessary counterparty consents to share with Qualified Bidders.

## Due Diligence

All due diligence requests shall be directed to BDO Capital 100 Park Avenue, 10th Floor, New York, New York, 10017, Attn: Jeffrey R. Manning. BDO Capital shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. BDO Capital will afford each Pre-Qualified Bidder such additional due diligence information requested, including access to senior management to of the Debtors, as BDO Capital, in consultation with Debtors and its other advisors determines to be reasonable and appropriate. The Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below), and no conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

## Bid Deadline

A Pre-Qualified Bidder that desires to make a bid shall deliver written copies of its bid to BDO Capital not later than 4:00 p.m. (prevailing Eastern Time) on October 28, 2011 (the "***Bid Deadline***"). Only Qualified Bidders that have submitted Qualified Bids (as defined

below) prior to the Bid Deadline (as it may be extended in compliance with these Bidding Procedures) shall be entitled to attend and bid at the Auction.

## <u>Bid Requirements</u>

To be deemed a **"*Qualified Bid*"** the bidder must submit a written irrevocable offer that:

(i)     states that such Qualified Bidder is prepared to purchase the Purchased Assets and assume the Assumed Liabilities upon the terms and conditions set forth in the Sale Agreement;

(ii)     is accompanied by a copy of such agreement marked to show those amendments and modifications to the Sale Agreement that the Qualified Bidder proposes (the **"*Marked Agreement*"**);

(iii)     is accompanied by a certified or bank check, or wire transfer or other immediately available funds (with BDO Capital to provide wire instructions upon request), in the amount equal to the greater of (1) five (5%) percent of the purchase price or (2) $250,000, payable to the order of N21 as a good-faith deposit (the **"*Good Faith Deposit*"**) which amount shall be held in escrow with the Escrow Agent;

(iv)     states that the Good Faith Deposit is nonrefundable if such Qualified Bidder is designated the Successful Bidder or the Back-up Bidder (as defined below);

(v)     is on terms that, in the Debtors' business judgment are materially on the same as the terms of the Sale Agreement;

(vi)     is not conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence with respect to the Purchased Assets or the Assumed Liabilities;

(vii)     contain a commitment to consummate the Sale within five (5) business days after the Sale Hearing if all conditions to closing are satisfied and/or waived;

(viii)     is irrevocable (including in the form resulting from any modifications that may be made at the Auction) until the earlier of the (a) end of the business day following the closing with the Successful Bidder at the Auction and (b) withdrawal of the Purchased Assets for sale by the Debtors;

(ix)     does not request or entitle the bidder to any breakup fee, overbid fee, termination fee, expense reimbursement, or similar type of payment, provided however that, the Debtors reserve the right to designate and enter into a separate agreement, with a Stalking

Horse under which the Stalking Horse's Qualified Bid (as defined below) would be deemed the Baseline Bid (as defined below) for the Auction of the assets of N21 and for which the Stalking Horse would be entitled to payment at any closing of the sale of such assets to a Successful Bidder that is not the Stalking Horse Bidder of a Break-Up Fee that would not exceed 3.0% of the of the cash purchase price of the Purchased Assets and reimbursement for direct out of pocket expenses of up to $100,000;

(x)     acknowledges and represents that the bidder (a) has had an opportunity to inspect and examine the Purchased Assets and the Assumed Liabilities and to conduct any and all necessary due diligence with respect thereto prior to making its bid, (b) in making its bid, has relied solely on its own independent review, investigation and/or inspection of the Purchased Assets and the Assumed Liabilities, and (c) did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, or by operation of law or otherwise regarding the Purchased Assets or the Assumed Liabilities, or the completeness of any information provided in connection therewith at the Auction, except as expressly stated in the Sale Agreement, Marked Agreement, or the Bidding Procedures and

(xi)    fully discloses the identity of each entity bidding for the Purchased Assets, or otherwise participating in connection with such bid, and the complete terms of any such participation.

A bid received from a Pre-Qualified Bidder before the Bid Deadline that meets the above requirements will constitute a "***Qualified Bid***"; provided, however, that the Debtors may request that a Qualified Bidder amend its bid to (i) include additional requirements, if in its judgment such additional requirements will better promote the goals of the Bidding Process, (ii) address any failure to comply with any of the requirements listed in this paragraph; provided further, that the Debtors may waive any failure to comply with any of the requirements listed in this paragraph if in its judgment such waiver will better promote the goals of the Bidding Process. The Series J Shareholders shall be deemed to be Qualified Bidders and shall not be required to provide a Good Faith Deposit in connection with any Qualified Bid.

## Stalking Horse

Debtors may when, in its judgment, it will better promote the goals of the Bidding Process, enter into an agreement with a Qualified Bidder that will act as a stalking horse bid (the "***Stalking Horse***"). The Debtors may grant the Stalking Horse a break-up fee of up to 3.0% of the of the cash purchase price of the Purchased Assets and reimbursement for direct out of pocket expenses of up to $100,000 (collectively, the "***Break-Up Fee***") in order to induce such Qualified Bidder to act as a Stalking Horse and execute a bidding asset purchase agreement. The

Qualified Bid made by the Stalking Horse *plus* the Break-Up Fee will then act as the baseline bid for purposes of the Auction (the "***Baseline Bid***").

The Break-Up Fee would be payable upon the Debtors closing the sale transaction with the Successful Bidder.

"<u>**As Is, Where Is**</u>"

The Sale shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, their agents or their estates, except to the extent expressly set forth in the Sale Agreement or the Marked Agreement, as the case may be. Except as otherwise provided in the Sale Agreement or the Marked Agreement, as the case may be, all of the Debtors' right, title and interest in the Purchased Assets shall be sold free and clear of all interests, liens, charges, claims, pledges, security interests, options, voting trusts, similar restrictions on voting or transfer, or other encumbrances (collectively, "***Encumbrances***") in accordance with section 363 of the Bankruptcy Code, such Encumbrances, if any, to attach to the net proceeds of the Sale, with the same priority as they attached to the relevant Purchased Assets.

<u>**Auction**</u>

The Debtors will conduct an auction for the Purchased Assets (the "***Auction***") on or about November 1, 2011.

As soon as practicable prior to the Auction, the Debtors will notify all Qualified Bidders of the Purchase Price and material terms stated in the Baseline Bid.

The Auction shall take place at 10:00 a.m. (prevailing Eastern Time) on November 1, 2011 at the offices of Richards Kibbe & Orbe LLP in New York, New York, or such later time or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids.

The Auction shall be conducted in accordance with the following procedures: (i) only the Debtors, Qualified Bidders who have timely submitted Qualified Bids and the Series J Counsel shall be allowed to attend the Auction, (ii) unless otherwise ordered by the Bankruptcy Court for cause shown or unless the Debtors waive any requirements relating to the qualification of Qualified Bidders, only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate in the Auction and (iii) all Qualified Bidders shall be entitled to be present for all bidding with the understanding that (a) the true identity of each Qualified Bidder shall be fully disclosed to all other Qualified Bidders, and (b) the material terms of the Baseline Bid will be disclosed before the start of the Auction to all Qualified Bidders participating in the Auction. The Debtors may employ additional procedural rules that are reasonable under the circumstances for conducting the Auction.

5

At the Auction, the Qualified Bidders will be permitted to increase their bids. The bidding shall start at the amount of the Baseline Bid (or if there is no Stalking Horse Bid serving as the Baseline Bid the highest bid of a Qualified Bidder announced by the Debtors prior to or at the Auction to the Qualified Bidders). The initial overbid and all subsequent overbids must be in increments of up to at least $25,000 or in such other increments as the Debtors determine to be appropriate and announces at the Auction; provided, that the initial overbid shall be subject to adjustment based upon a Stalking Horse Bid serving as the Baseline Bid.

Immediately prior to the conclusion of the Auction, the Debtors shall, in consultation with counsel to the Series J Shareholders, (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale process and the best interests of the Debtors' estate, including those factors affecting the speed and certainty of consummating the Sale and any required payment of a Break-Up Fee, (ii) determine, in the Debtors' reasonable business judgment, the Successful Bid, (iii) identify the next highest or otherwise best offer after the Successful Bid (the "***Next Highest Bid***"), and (iv) notify all Qualified Bidders present at the Auction of the identities of the Successful Bidder and the bidder that has submitted the Next Highest Bid (the "***Next Highest Bidder***"), and the respective amounts of their bids. At the Sale Hearing, the Debtors shall present the Successful Bid to the Bankruptcy Court for approval.

The Debtors may adopt rules for the Bidding Process and the Auction that, in its judgment will better promote the goals of the Bidding Process, so long as they are not materially inconsistent with any of the provisions of the Sale Agreement, the Bidding Procedures, or any Bankruptcy Court order.

## Acceptance of Successful Bid

The Debtors presently intend to sell the Purchased Assets to the Successful Bidder. However, the Debtors' presentation of the Successful Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the bid. A bid will not be considered accepted until approved by the Bankruptcy Court.

The Debtors and the Successful Bidder shall close the Sale upon the earlier of (a) ten (10) business days after the Sale Hearing, subject to any necessary regulatory approval and (b) immediately upon satisfaction or waiver of all closing conditions. In the event that the Successful Bidder fails to close the Sale during such time period for any reason, then the Debtors shall be authorized, but not required, to close with the Next Highest Bidder, without notice to any other party or further court order. If the Debtors decide to close with the Next Highest Bidder, the Debtors and the Next Highest Bidder shall have an additional five (5) business days to close, subject to any necessary regulatory approval.

## Return of Good Faith Deposit

The Good Faith Deposits of all Qualified Bidders shall not become property of the Debtors' estates absent further order of the Bankruptcy Court.

The Next Highest Bid submitted by the Next Highest Bidder must remain open, notwithstanding Bankruptcy Court approval of the Sale to the Successful Bidder, until the earlier

of (i) the consummation of the Sale with the Successful Bidder and (ii) fifteen days following the Sale Hearing .  If the Successful Bidder (or the Next Highest Bidder, if applicable) timely closes the Sale, its Good Faith Deposit shall be credited towards the Purchase Price.  If the Successful Bidder (or the Next Highest Bidder, if applicable) fails to timely close the Sale, its Good Faith Deposit shall be disposed of as provided in the Sale Agreement or the applicable Marked Agreement.

## Modifications

The Debtors, in consultation with counsel to the Series J Shareholders, may extend or alter any date or deadline contained herein if it will better promote the goals of the Bidding Process.  At or before the Sale Hearing, the Bankruptcy Court or the Debtors may impose such other terms and conditions as it may determine to be in the best interests of the Debtors' estate, its creditors and other parties in interest.

Exhibit B

[Procedures and Sale Notice]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

NUTRITION 21, INC., *et al.*,[1]

                            Debtors

Chapter 11

Case No. 11-23712 (RDD)
Jointly Administered

## NOTICE OF AUCTION, BIDDING PROCEDURES AND SALE ORDER HEARING IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL ASSETS OF NUTRITION 21, INC. AND NUTRITION 21, LLC

PLEASE TAKE NOTICE THAT on August 31, 2011, Nutrition 21, Inc., together with its affiliated debtors and debtors in possession (collectively, the "***Debtors***") in the above-captioned chapter 11 cases (the "***Chapter 11 Cases***") under chapter 11 of the United States Bankruptcy Code 11 U.S.C. §§ 101 – 1532 (the "***Bankruptcy Code***"), filed a motion [Docket No.18] (the "***Motion***")[2] with the United States Bankruptcy Court for the Southern District of New York (the "***Court***") for an order pursuant to sections 105, 363, and 364 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure: (A) approving the form of the bidding procedures (the "***Bidding Procedures***") to govern the sale (the "***Sale***") by Nutrition 21, Inc. and Nutrition 21, LLC (together "***N21***") of all or substantially all of its assets (the "***Purchased Assets***") free and clear of all liens, claims, encumbrances, and interests of any kind to the purchaser, (B) scheduling the date and time to hold an auction (the "***Auction***") to implement the Sale, (C) scheduling the date and time for a hearing (the "***Sale Order Hearing***") to consider (1) approval of the Sale and (2) the assumption by N21 and the assignment by N21 to the Purchaser of some or all of N21's executory contracts and unexpired leases (such executory contracts and unexpired leases, collectively, the "***Assumed Agreements***"), and (D) approving related relief.

PLEASE TAKE FURTHER NOTICE THAT on _____, 2011, the Court entered an order [Docket No. _____] (the "***Procedures Order***") approving the form of the Bidding Procedures and setting certain dates and deadlines relating to the Auction, the Sale, and the Sale Order Hearing, as summarized below.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Procedures Order, if the Debtors receive a Qualified Bid by the Bid Deadline, the Debtors shall conduct the Auction on November 1, 2011 commencing at 10:00 a.m. (prevailing Eastern Time) at the offices of Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York, 10281, or at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Nutrition 21, Inc. (3613), Nutrition 21, LLC (4596), Iceland Health, LLC (2140) and, Heart's Content, Inc. (5396). The location of Debtors' corporate headquarters is 4 Manhattanville Road, Purchase, New York, 10577.

[2] All capitalized terms used herein and not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

682964v.3 3031/00004

such later date and time and at such alternative location as the Debtors may determine or the Bankruptcy Court may direct. If the Debtors do <u>not</u> receive at least one Qualified Bid by the Bid Deadline, the Debtors will <u>not</u> conduct the Auction.

PLEASE TAKE FURTHER NOTICE THAT the **"Bid Deadline"** is October 28, 2011, at 4:00 p.m. (prevailing Eastern Time). A potential bidder that desires to make a bid for the Purchased Assets, or any portion thereof, is required under the Procedures Order to deliver a written copy of all bid materials to the Debtors at the address listed below no later than the Bid Deadline. Any person or entity that does not submit a bid by the Bid Deadline (as may be extended pursuant to the Bidding Procedures) shall not be permitted to participate in the Auction.

PLEASE TAKE FURTHER NOTICE THAT the Debtors will seek approval of the Motion and the Sale of the Purchased Assets to the Successful Bidder at a hearing (the **"Sale Order Hearing"**). The Sale Order Hearing is scheduled to be held before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601, at 10:00 a.m. (prevailing Eastern Time) on November 3, 2011. The Sale Order Hearing may be adjourned or rescheduled by N21, from time to time, without notice to creditors or parties in interest other than by an announcement of the adjourned date at the Sale Order Hearing or on the Court's calendar on the date scheduled for the Sale Order Hearing.

PLEASE TAKE FURTHER NOTICE THAT responses or objections, if any, to the Sale must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against N21's estates or property, the basis for the objection and the specific grounds therefore, and be filed with the Bankruptcy Court and served upon the following parties (collectively, the **"Objection Notice Parties"**): (a) the Debtors, 4 Manhattanville Road, Purchase, New York, 10577, Attn.: Benjamin Sporn, Esq.; (b) Proposed Counsel to the Debtors, Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York, 10281, Attn.: Michael Friedman, Attn.: Keith N. Sambur; and (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn.: Susan Golden, Esq., with a copy to chambers, so as actually to be received no later than 4:00 p.m. (prevailing Eastern Time) on October 28, 2011 (the "**Sale Objection Deadline**"). The failure of any party in interest to file and serve its objection or response to the Sale by the Sale Objection Deadline in accordance with the provisions of this paragraph shall be a bar to the assertion, at the Sale Order Hearing or thereafter, of any objection to the Motion, the Sale or N21's consummation and performance of the transaction(s) contemplated thereby.

PLEASE TAKE FURTHER NOTICE THAT the Debtors shall file and serve by first-class mail, within three (3) days of entry of the Procedures Order, and otherwise in accordance with the applicable Bankruptcy Rules, a notice (the **"Cure Amount Notice"**) to all the non-debtor parties to any potential Assumed Agreements (as the term is defined the in Sale Agreement) that (a) identifies for each Assumed Agreement the title and the date of, and the parties to, such Assumed Agreement and (b) sets forth the dollar amount (the **"Proposed Cure Amount"**), if any, that the Debtors contend is necessary to be paid in order to cure all defaults, if any, under such Assumed Agreements for purposes of section 365 of the Bankruptcy Code. The Debtors reserve their right to (i) withdraw the request to assume and assign any potential

Assumed Agreement and (ii) add additional contracts to the extent omitted in the Cure Amount Notice, upon proper notice to and an opportunity to object by such counter-party thereto.

PLEASE TAKE FURTHER NOTICE THAT responses or objections, if any, to the Cure Amount Notice or N21's ability to assume and assign the Assumed Agreement to the Successful Bidder must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against N21's estates or property, the basis for the objection and the specific grounds therefore, and be filed with the Bankruptcy Court and served upon Objection Notice Parties, with a copy to chambers, so as actually to be received no later than 4:00 p.m. (prevailing Eastern Time) on October 28, 2011 (the "*Cure Objection Deadline*"); provided, however, that objections to any proposed adequate assurance of future performance by the Successful Bidder (an "*Adequate Assurance Objection*") may be made orally at the Sale Hearing. The failure of any party in interest (a) to file and serve its objection or response (other than an Adequate Assurance Objection) to the Cure Amount Notice or N21's ability to assume and assign the Assumed Agreement to the Successful Bidder by the Cure Objection Deadline or (b) to raise an Adequate Assurance Objection in accordance with the provisions of this paragraph shall be a bar to the assertion of any objection to the Cure Amount Notice, the Motion, the Sale, or N21's consummation and performance of the transaction(s) contemplated thereby, including the assumption and assignment of the Assumed Agreement to the Successful Bidder.

PLEASE TAKE FURTHER NOTICE THAT any person or entity wishing to submit a bid for the Purchased Assets, or object or otherwise respond to the Motion is urged to review the Bidding Procedures, the Procedures Order, and the Motion. Copies of the Motion and the exhibits thereto, including the Sale Agreement and the Procedures Order (including the Bidding Procedures attached as Exhibit A to the Motion) may be (a) reviewed during regular Court hours at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601, (b) reviewed electronically on www.nysb.uscourts.gov, the official website for the Court, or (c) procured upon written request to counsel for the Debtors, Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York, 10281, Attention: Michael Friedman and Keith N. Sambur.

Dated: [DATE], 2011
New York, New York

/s/ Michael Friedman
Michael Friedman
Keith N. Sambur
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281
Telephone:   (212) 530-1800
Facsimile:   (212) 530-1801

*Proposed Counsel to the*
*Debtors and Debtors in Possession*

682964v.3 3031/00004

4

Exhibit C

[Cure Amount Notice]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>NUTRITION 21, INC., *et al.*,[1]<br><br>                          Debtors | Chapter 11<br><br>Case No. 11-23712 (RDD)<br>Jointly Administered |

## NOTICE OF CURE AMOUNT DETERMINATION IN CONNECTION WITH ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND UNEXPIRED LEASES BY NUTRITION 21, INC. AND NUTRITION 21, LLC

       PLEASE TAKE NOTICE THAT on August 31, 2011, Nutrition 21, Inc., together with its affiliated debtors and debtors in possession (collectively, the *"Debtors"*) in the above-captioned chapter 11 cases (the *"Chapter 11 Cases"*) under chapter 11 of the United States Bankruptcy Code 11 U.S.C. §§ 101 – 1532 (the *"Bankruptcy Code"*), filed a motion [Docket No.18] (the *"Motion"*)[2] with the United States Bankruptcy Court for the Southern District of New York (the *"Court"*) for an order pursuant to sections 105, 363, and 364 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure: (A) approving the form of the bidding procedures (the *"Bidding Procedures"*) to govern the sale (the *"Sale"*) by Nutrition 21, Inc. and Nutrition 21, LLC (together *"N21"*) of all or substantially all of its assets (the *"Purchased Assets"*) free and clear of all liens, claims, encumbrances, and interests of any kind to the buyer, (B) scheduling the date and time to hold an auction (the *"Auction"*) to implement the Sale, (C) scheduling the date and time for a hearing (the *"Sale Order Hearing"*) to consider (1) approval of the Sale and (2) the assumption by N21 and the assignment by N21 to the Purchaser of some or all of N21's executory contracts and unexpired leases (such executory contracts and unexpired leases, collectively, the *"Assumed Agreements"*), and (D) approving related relief.

       PLEASE TAKE FURTHER NOTICE THAT the Debtors will seek approval of the Sale at a hearing (the *"Sale Order Hearing"*). The Sale Order Hearing is scheduled to be held before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601, at 10:00 a.m. (prevailing Eastern Time) on November 3, 2011. The Sale Order Hearing may be adjourned or rescheduled by N21, from time to time, without notice to creditors or parties in interest other than by an announcement of the adjourned date at the Sale Order Hearing or on the Court's calendar on the date scheduled for the Sale Order Hearing.

       PLEASE TAKE FURTHER NOTICE THAT N21 and the Debtors propose entering into an asset purchase agreement on substantially similar terms to those set forth in the Sale

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Nutrition 21, Inc. (3613), Nutrition 21, LLC (4596), Iceland Health, LLC (2140) and, Heart's Content, Inc. (5396). The location of Debtors' corporate headquarters is 4 Manhattanville Road, Purchase, New York, 10577.

[2] All capitalized terms used herein and not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

682964v.3 3031/00004

Agreement attached to the Motion as Exhibit B. Pursuant to the Sale Agreement, N21 will assume and assign the Assumed Agreements to the Successful Bidder. Copies of the Motion and the exhibits thereto, including the Sale Agreement and the Procedures Order (including the Bidding Procedures attached as Exhibit A to the Motion) may be (a) reviewed during regular Court hours at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601, (b) reviewed electronically on www.nysb.uscourts.gov, the official website for the Court, or (c) procured upon written request to counsel for the Debtors, Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York, 10281, Attention: Michael Friedman and Keith N. Sambur.

PLEASE TAKE FURTHER NOTICE THAT attached hereto as <u>Exhibit A</u> is a schedule that (a) identifies for each potential Assumed Agreement the title and the date of, and the parties to, such Assumed Agreement and (b) sets forth the dollar amount (the ***"Proposed Cure Amount"***), if any, that the Debtors contend is necessary to be paid in order to cure all defaults, if any, under such Assumed Agreements. The Debtors reserve their right to (i) withdraw the request to assume and assign any potential Assumed Agreement and (ii) add additional contracts to the extent omitted in the Cure Amount Notice, upon proper notice to such counter-party thereto.

PLEASE TAKE FURTHER NOTICE THAT responses or objections, if any, to the Cure Amount Notice or N21's ability to assume and assign the Assumed Agreement to the Successful Bidder must be in writing, conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against N21's estates or property, the basis for the objection and the specific grounds therefore, and be filed with the Bankruptcy Court and served upon Objection Notice Parties, with a copy to chambers, so as actually to be received no later than 4:00 p.m. (prevailing Eastern Time) on October 28, 2011 (the "***Cure Objection Deadline***"); <u>provided</u>, however, that objections to any proposed adequate assurance of future performance by the Successful Bidder (an "***Adequate Assurance Objection***") may be made orally at the Sale Hearing. The failure of any party in interest (a) to file and serve its objection or response (other than an Adequate Assurance Objection) to the Cure Amount Notice or N21's ability to assume and assign the Assumed Agreement to the Successful Bidder by the Cure Objection Deadline or (b) to raise an Adequate Assurance Objection in accordance with the provisions of this paragraph shall be a bar to the assertion of any objection to the Cure Amount Notice, the Motion, the Sale, or N21's consummation and performance of the transaction(s) contemplated thereby, including the assumption and assignment of the Assumed Agreement to the Successful Bidder.

PLEASE TAKE FURTHER NOTICE THAT if an objection to the Proposed Cure Amount or N21's ability to assume and assign the Assumed Agreement to the Successful Bidder is timely filed or raised, and the Cure Amount cannot be resolved consensually prior to the Sale Order Hearing, a hearing with respect to such objection, conforming to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, will be held before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601, at such date and time as the Court may schedule.

PLEASE TAKE FURTHER NOTICE THAT prior to the closing date for the Sale, the Debtors or N21 may amend N21's decision with respect to the assumption and assignment of the Assumed Agreements and provide you with a new notice amending the information in this notice.

PLEASE TAKE FURTHER NOTICE THAT promptly following the Auction, the Debtors shall file with the Court and serve on all the non-Debtor parties to the Assumed Agreements, via facsimile, electronic mail or overnight mail, a notice identifying the Successful Bidder and such non-Debtor parties will have the opportunity to discuss issues of adequate assurance of future performance with the Debtors and such Successful Bidder before the Sale Order Hearing.

Dated: [DATE], 2011
New York, New York

/s/ Michael Friedman
Michael Friedman
Keith N. Sambur
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281
Telephone:   (212) 530-1800
Facsimile:    (212) 530-1801

*Proposed Counsel to the*
*Debtors and Debtors in Possession*
